UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY THOMAS, et al.,

      Plaintiffs,                          Case No. 1:09cv879

vs.

                                        Magistrate Judge Bowman

NATIONAL COLLEGE OF
VIRGINIA, INC.

      Defendant.

**ORDER**

This civil action is before the Court on Defendant's motions in *limine* (Docs. 70, 71, 72) and the parties' responsive memoranda (75, 76).[1]

Notably, a ruling on a motion in *limine* is no more than a preliminary, advisory opinion which falls entirely within the discretion of the district court. *United States v. Hurd*, 7 F.3d 236, 1993 WL 389944, *3 (6th Cir. 1993). The trial court is permitted to change its ruling during the trial. *Id.* (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38 (1984)).

Generally, all relevant evidence is admissible. *See* Fed. R. Evid. 402. A motion *in limine* should only be granted where evidence is clearly inadmissible for any purpose. A motion in limine should only be granted where evidence is clearly inadmissible for any purpose. *English Woods Civic Ass'n/Resident Cmty. Council v. Cincinnati Metro. Hous. Auth.*, 1:03-CV-186, 2004 WL 6043508 (S.D. Ohio Nov. 23, 2004).

Each motion will be addressed in turn.

---

[1]Plaintiffs also filed a motion *in limine* to exclude two of Defendant's proposed exhibits relating to Plaintiff Lummus. Plaintiff's Lummus' claims were settled prior to trial and therefore the motion has been withdrawn.

### A.  Plaintiffs' damage claims (Doc. 70)

Defendants ask the Court to limit the evidence or arguments made by Plaintiffs relating to their damage claims. Specifically, Defendants seek to exclude from trial: 1) any argument or evidence asserting that Plaintiffs are entitled to damages for loss of diminution of income while attending National College; and 2) any argument or evidence that Plaintiffs are entitled to a refund of tuition.  (Doc. 70).  Defendants contend that such testimony would be irrelevant to the remaining issues before the Court and would also be unduly prejudicial to the Defendant.

Upon careful review, the Court finds that Defendant's arguments are not well-taken.  Plaintiffs' assert that National College engaged in deceptive practices at enrollment and throughout the course of their study at National College.  Accordingly, the undersigned finds that such evidence is relevant to this matter. Furthermore, Defendant's concerns can be properly addressed upon cross-examination at trial. Defendant's motion is therefore **DENIED**.

### B.  Plaintiffs' proposed expert testimony (Doc. 71)

Defendant asks the Court to limit the testimony of Plaintiffs' proposed expert witness, Thomas Cody, a vocational expert.  Plaintiff did not file a response opposing the motion.  Accordingly, for good cause shown and in the absence of any opposition, Defendant's motion is herein **GRANTED**.  Accordingly, Thomas Cody shall be prohibited from providing any testimony that any individual Plaintiff suffered any amount of wage loss.

**C.  Evidence relating to Plaintiffs employment opportunities (Doc. 72)**

Defendant's final motion asks the Court to limit Plaintiffs' testimony relating to their inability to obtain employment.  Defendant's argue that Plaintiff's intend testify as to the reasons they were unable to obtain employment after they finished their schooling at National College.  Defendant's maintain that such testimony will be based solely on speculation or hearsay in contravention of the Federal Rules of Evidence.

In response to Defendant's motion, Plaintiffs assert that they should be permitted present their own testimony as well testimony from other witnesses relating to the circumstances of their employment applications and their understanding as to why they were not hired.  The undersigned agrees.  Defendant's motion is herein **DENIED**.

**IT IS SO ORDERED.**

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge